UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YUSUF HOTEP-EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00496-JRS-MJD |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Yusuf Hotep-El's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISF 20-04-0314. For the reasons explained in this Entry, Mr. Hotep-El's petition is **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On April 15, 2020, Indiana Department of Correction (IDOC) staff member B. Edwards

wrote a report of conduct charging Mr. Hotep-El with a violation of the IDOC Adult Disciplinary Code 103/111, "inciting a riot/attempting or conspiring." Dkt. 8-1. Ms. Edwards was passing out masks and soaps to offenders, and Mr. Hotep-El became aggressive and threw his mask stating: "You all pass out these stupid fucking masks but you can[']t release nobody." *Id.* According to the conduct report, in relevant part:

> I [B. Edwards] advised Hotep that the DOC has no authority to release offenders that has to go through the Governor and the Judge. Hotep in an aggressive tone stated 'that's bullshit yes you all do.' I told Hotep the next time he goes to the law library he can view the law on who is capable and see that the DOC does not. Hotep then turned his head in and was looking at offenders and stated 'This is bullshit, you all need to do something about this shit and not let this happen.' At that time I ordered Hotep to leave his bed area and go to the day room, Hotep continued to yell. At that time I called for the street to signal 8 14N. I again ordered Hotep to go to the day room at that time he continued to ignore my orders and went to the bathroom . . . and tried to go back to his bunk area and I again ordered him to sit in the dayroom . . . . I proceeded to place mechanical restraints on Hotep in order to protect myself and others in the dorm.

*Id.* Officer Kelley provided a witness statement that was consistent with the conduct report. Dkt. 8-5.

Mr. Hotep-El received notice of the charge on April 21, 2020, and he pleaded not guilty, did not wish to call any witnesses, and requested video of the incident. Dkt. 8-2. A summary of the video reflected that Mr. Hotep-El was observed to be "very agitated," appeared to converse with Ms. Edwards, and appeared to be "talking" and "yelling" on his way out of the cube area. Dkt. 8-6. The Court has reviewed the video that was filed *ex parte*. Dkts. 10-12.

This matter proceeded to a disciplinary hearing on April 23, 2020. Dkt. 8-4. Mr. Hotep-El stated that he was not guilty. *Id.* The disciplinary hearing officer (DHO) considered the staff reports and Mr. Hotep-El's statement and found him guilty. *Id.* His sanctions included 30 days disciplinary restrictive housing, a deprivation of 60-days earned credit time, and a credit class demotion, which was suspended. *Id.*

Mr. Hotep-El's appeals to the Facility Head and the IDOC Final Reviewing Authority were not successful. Dkt. 8-7; dkt. 8-8. He then filed his petition for a writ of habeas corpus pursuant to § 2254. Dkt. 1.

**C. Analysis**

Mr. Hotep-El argues that he was removed from general population and placed in disciplinary restrictive housing pending his conduct report and disciplinary hearing in violation of IDOC policy and Indiana Code § 11-11-5-5. Dkt. 1 at 3-5. He contends he suffered an "atypical and significant" hardship when he was denied certain rights and privileges because he was not placed in administrative segregation. *Id.* He argues that he lacked access to recreation, commissary, phone, and religious services. *Id.* at 4. He claims others placed in disciplinary segregation were afforded those rights and privileges, but he was not. *Id.*

### 1. Failure to Exhaust Administrative Remedies

The respondent argues that Mr. Hotep-El failed to exhaust his administrative remedies regarding his pre-segregation placement prior to his disciplinary hearing, and thus, this ground is procedurally barred. Dkt. 8 at 7. Specifically, he argues that Mr. Hotep-El did not raise the argument that he has a liberty interest in remaining in the general population or in the alternative, that he should have been placed in administrative restricted housing rather than disciplinary restricted housing. *Id.* at 8.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person) has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d

978, 981 (7th Cir. 2002).

The Court has reviewed Mr. Hotep-El's lower-level appeals and finds that he did not exhaust any of the issues related to his placement in disciplinary restricted housing prior to his hearing, inclusive of denial of certain rights and privileges while there.[1] Indeed Mr. Hotep-El admits that he did not exhaust his placement issue because he was not aware of it until he was able to research the law, and he had minimal access to the law library while on disciplinary segregation. Dkt. 1 at 3. The Court finds Mr. Hotep-El's arguments for lack of exhaustion unavailing. Mr. Hotep-El successfully filed both lower-level appeals related to other arguments on the merits of his conviction. Further, the respondent argues that the facts about his placement in disciplinary housing "existed before his first appeal," and does not comport with his assertions that because he was in segregation when he filed his appeal, he could not raise these issues. Mere assertions that Mr. Hotep-El did not have legal resources, without more, does not establish a miscarriage of justice or prejudice. Even his unawareness of being able to raise certain claims would not be enough to meet the narrow exception to circumvent the exhaustion requirement.

Accordingly, Mr. Hotep-El is not entitled to habeas relief on the ground that he was placed in disciplinary restrictive housing prior to his disciplinary hearing. Any claims related to his classification or his treatment while in segregation are procedurally barred.

### 2. Restrictive Housing Pending Hearing

And, Mr. Hotep-El's ground for relief, even if exhausted still fails. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in

---

[1] Mr. Hotep-El's appeal to the Facility Head argues the sufficiency of the evidence stating that the charge does not fit the offense because he was not speaking to any offenders but to staff. Dkt. 8-7. Mr. Hotep-El states that he had a disagreement and "ignorant outburst" with Ms. Edwards but there was no attempt to conspire to incite a riot. *Id.*

4

custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Mr. Hotep-El's placement in disciplinary segregation prior to his disciplinary hearing does not pose a challenge to the loss of earned credit time or a demotion in credit class, and thus, does not relate to his custody under § 2254. Accordingly, his request for habeas relief must be denied. Though, he contends that he suffered an atypical and significant hardship while in disciplinary segregation, these matters concern conditions of confinement and are not grounds for habeas relief.

To the extent, Mr. Hotep-El argues that prison policies were violated when he was placed in disciplinary segregation before his hearing, this is not a cognizable claim. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the

petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

### 3. Unraised or New Arguments

Mr. Hotep-El does not challenge the sufficiency of the evidence supporting his charge in his petition. Though he asserted this argument in his appeals, it is not properly before the Court in his petition, and the Court need not consider it.

By way of his affidavit at docket 13, Mr. Hotep-El attempts to raise new arguments including, but not limited to, the DHO was biased, the hearing was unfair, the summary of the video evidence was signed by unknown staff, and the IDOC violated its own policies. To the extent that Mr. Hotep-El seeks relief on any additional grounds raised in this document, habeas relief is denied. Setting aside the fact these new arguments would fail on the merits, the Court need not address them because new arguments may not be raised for the first time in a reply. *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hotep-El to the relief he seeks. Accordingly, Mr. Hotep-El's petition for a writ of habeas corpus must be **denied** and the action **dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/8/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

YUSUF HOTEP-EL
137626
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov

Anna Wei Elcesser
INDIANA ATTORNEY GENERAL
anna.elcesser@atg.in.gov